### BURGESS v. WILLIS.

(Supreme Court, Appellate Term. May 5, 1904.)

1. PRINCIPAL AND AGENT—EVIDENCE OF AUTHORITY.

Evidence that a landlord's agent collected rents for the landlord; that he had been the intermediary in effecting previous leases with defendant, and while in charge of other properties of the landlord he occasionally, in her absence, effected monthly lettings in tenement houses at rentals previously fixed by her; and that, after receipt of the notice that possession of the premises in question was demanded on a certain date, defendant called on the landlord, at her residence, and tendered the rent for the succeeding month, which she refused to accept, and directed defendant to go to her agent—was insufficient to establish the authority of the agent to agree to renew defendant's lease of the tenement he occupied on the same terms as the former letting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Annie P. Burgess against Henry Willis. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

James D. Layng, for appellant.

C. L. Harwood, for respondent.

GREENBAUM, J. The tenant resisted the summary proceedings instituted by the landlord upon the ground that he was in possession of the premises under a subsisting, valid lease, made with the landlord through her duly authorized agent. The premises in question consisted of an entire building, occupied as a livery stable. The tenant had been lessee of said building for a number of years, but always under written leases. His last written lease expired on February 1, 1904. The testimony of the tenant is to the effect that prior to the last mentioned date he made repeated requests of a Mr. Beam, who, it is asserted, was the agent of the landlord, for a renewal of the lease for another year; that Beam had promised it to him in December; that on the 18th or 19th of January, on the occasion when Beam called to collect rent, the following conversation ensued:

"'Where is my lease?' He [Beam] replied: 'That is all right, old man. I will bring it around to you.' I said: 'That is not the question. I want it.' He said: 'You are all right. You have got the place for another year. You need not worry yourself. I will bring the lease around.'"

On January 26th the tenant was notified in writing by the landlord that she had sold the premises, and that he would be required to give up possession on February 1, 1904. No written lease was ever executed, and the tenant claims that the acts of Mr. Beam operated as a renewal lease, binding upon the landlord, for the year ending February 1, 1905, upon the same terms as the last prior lease. The reputed agency of Beam was predicated upon the following facts: that he collected the rents for the landlord; that he had been the intermediary in effecting previous leases; that, while in charge of other properties of the landlord, he occasionally, in her absence, effected monthly lettings in tenement houses at rentals previously fixed by her, and that after receipt of the notice that possession of the premises was demanded on February 1, 1904, the tenant called upon the landlord at her residence, and handed her the rent for February, which she refused to accept—stating, in substance: "Why do you come here? Why don't you go to my agent?" The testimony of the landlord and Mr. Beam is unqualified, to the effect that the latter had never had authority to make a lease; that he was solely a collector of rents, and attended, on his own responsibility, to emergent repairs upon tenements. While it may be doubted, under the authority of Franke v. Hewitt, 56 App. Div. 499, 68 N. Y. Supp. 968, whether, in the case of the renting of an entire building, a lease was in fact created by a mere promise of a lease for another year, where nothing was said as to any terms, either as to the amount of rent or otherwise, but where everything was left to the surmise or inference that the terms were to be precisely the same as those of the prior lease, it seems to me that there is no proof of the authority of Mr. Beam to bind the plaintiff. His dealings with the tenant in reference to the premises in question were not such as to indicate an agency for leasing the building, and the landlord's statement to go to "her agent," when the tenant called upon her with rent after he had been notified that his tenancy would terminate on February 1, 1904, constituted no facts or circumstances from which an inference might be drawn that Mr. Beam was in fact the agent of the landlord to lease. The situation presented, at most, what proved to be an unrealized expectancy on the part of the tenant. There was no legal proof of agency, and the motion for a direction of a verdict in favor of the landlord should have been granted.

The final order is reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.